# UNITED STATES DISTRICT COURT

## DISTRICT OF COLORADO

---

UNITED STATES OF AMERICA

**PRE-JUDGMENT PROBATION IN A
CRIMINAL CASE** Pursuant to 18 U.S.C. § 3607

v.

Case Number:  06-mj-010203-OES-01

USM Number:  34153-013

RANDALL O'NEILL GARRETT

Warren R. Williamson, AFPD
(Defendant's Attorney)

**THE DEFENDANT:**  Pleaded guilty to count one of the Information.

The defendant is adjudicated guilty of this offense:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. § 844(a) | Possession of Methamphetamine | 12/12/04 | One |

        The defendant is sentenced as provided in pages 2 through 5 of this judgment.  The sentence
is imposed pursuant to the Sentencing Reform Act of 1984.

        It is ordered that the defendant must notify the United States Attorney for this district within 30
days of any change of name, residence, or mailing address until all fines, restitution, costs, and
special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the
defendant must notify the court and United States Attorney of material changes in economic
circumstances.

        It is further ordered that the Addendum to this judgment, which contains the defendant's social
security number, residence address and mailing address, shall be withheld from the court file and
retained by the United States Probation Department.

June 26, 2006
Date of Imposition of Judgment

 s/ Michael J. Watanabe
Signature of Judge

Michael J. Watanabe, U.S. Magistrate Judge
Name & Title of Judge

June 29, 2006
Date

DEFENDANT:  RANDALL O'NEILL GARRETT
CASE NUMBER:  06-mj-010203-OES-01                                    Judgment-Page 2 of 5

# PROBATION

The defendant is hereby placed on pre-judgment probation for a term of one (1) year.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of placement on probation and two periodic drug tests thereafter.

The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page. (set forth below).

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.

2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.

3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

4) The defendant shall support his dependents and meet other family responsibilities.

5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.

6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.

7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.

8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

9) The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

10) The defendant shall permit a probation officer to visit him at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

DEFENDANT:  RANDALL O'NEILL GARRETT
CASE NUMBER:  06-mj-010203-OES-01                              Judgment-Page 3 of 5

12)     The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13)     As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14)     The defendant shall provide the probation officer with access to any requested financial information.

## ADDITIONAL CONDITIONS OF SUPERVISION

1)      The defendant shall participate in a program of testing and treatment for drug and alcohol abuse, as directed by the probation officer, until he is released from the program by the probation officer.  The defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment and shall pay the cost of treatment as directed by the probation officer.

DEFENDANT:  RANDALL O'NEILL GARRETT
CASE NUMBER:  06-mj-010203-OES-01                           Judgment-Page 4 of 5

## MONETARY OBLIGATIONS

The defendant must pay total monetary obligations under the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|-------|------------|------|-------------|
| One | $25.00 | $1,000.00 | $0.00 |
| **TOTALS** | $25.00 | $1,000.00 | $0.00 |

DEFENDANT:  RANDALL O'NEILL GARRETT
CASE NUMBER:  06-mj-010203-OES-01                              Judgment-Page 5 of 5

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total monetary obligations is due as follows:

The special assessment is due and payable immediately.

All monetary obligation payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any monetary obligations imposed.

Payments shall be applied in the following order:  (1) special assessment.

DEFENDANT: RANDALL O'NEILL GARRETT
CASE NUMBER: 06-mj-010203-OES-01                                    Judgment-Page A-1

## ADDENDUM TO PRE-JUDGMENT PROBATION IN A CRIMINAL CASE
### (Confidential Information Concerning Defendant)

Defendant's Social Security Number:          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

Defendant's Date of Birth:                   09/23/71

Defendant's Residence Address:               1213 10th Street, #6
                                             Greeley, Colorado 80631

Defendant's Mailing Address:                 SAME

To comply with 18 U.S.C.A. § 3612(b)(1)(A), this separate section of the judgment styled "ADDENDUM TO JUDGMENT IN A CRIMINAL CASE (CONFIDENTIAL INFORMATION CONCERNING DEFENDANT)" shall contain defendant's social security account number, mailing address, and residence address. The probation officer shall maintain this Addendum, and it shall not be filed with the clerk. Unless otherwise ordered, the Probation Department shall disclose the Addendum only to counsel of record and to any attorney for the Government engaged, pursuant to 18 U.S.C.A. § 3612(b)(1)(A), in collection of a monetary obligation imposed by the judgment. The judgment entered and filed by the clerk shall refer to the Addendum and shall recite that it contains defendant's social security number, date of birth, residence address, and mailing address and is withheld from the file pursuant to court order. The court finds that the defendant has a privacy interest in keeping this information confidential, that public disclosure of this information may potentially harm defendant, that the public interest in this information is minuscule, and that the potential harm to defendant outweighs the public interest in disclosure.

June 26, 2006
Date of Imposition of Judgment

s/ Michael J. Watanabe
Signature of Judge

Michael J. Watanabe, U.S. Magistrate Judge
Name & Title of Judge

June 29, 2006
Date